May it please the Court. I am Eric Miller from the Department of Justice on behalf of the Appellant William Neary, the United States Trustee. The issue in this case is whether a bankruptcy court can appoint a law firm as counsel under Section 327 of the Code when one of that firm's partners is statutorily disqualified because he served as an officer of the debtor and therefore is not disinterested. Under Section 327, such a firm may not be appointed for two reasons. First, the structure of the statute suggests that the disinterestedness of a partnership is to be determined by evaluating the disinterestedness, or lack thereof, of the individuals who make up that partnership. Second, the purpose underlying the disinterestedness requirement would be subverted if a firm could be appointed and serve as counsel despite the presence of non-disinterested partners. Now, as to the structure of the statute, Section 10141 defines the term person, subject to the disinterestedness requirement, to include partnerships. But Section 10114, which sets out the specific definition of disinterested, uses terms such as director, officer, and employee that can only make sense as applied to natural persons. So those terms can only be given meaning when the person in question is a partnership by looking through the partnership. The argument would be more persuasive if the firm itself had been the disinterested or had been the interested entity. But in this case, it was not the firm itself that was the interested entity, but only one member of the firm. That's correct. There was a member of the firm who was interested by virtue of his service as an officer. But the Code doesn't give us any way of evaluating whether an association of individuals is interested except by looking at the status of those individuals, because all of the terms in the disinterestedness definition refer to things that natural persons can do, like being an employee or an officer or a director. Counsel, it appears that some courts have not adopted your interpretation. How do you distinguish those cases such as S.S. Retail Stores Court that seem to not agree with your analysis? I think the bankruptcy or the bankruptcy appellate panel decision in S.S. Retail is not distinguishable from this case. The argument is that it is wrong. It's wrongly decided because it overlooks the structural point of the statute. And also it seems to be a split among bankruptcy benches on this issue. Is it true that no court of appeal has yet to decide it? That is correct, Your Honor. We get the opportunity. That's right. Thank you. The policy underlying the disinterestedness requirement is that there's an inherent tension when the debtor is allowed to remain in possession and to act as trustee, there's an inherent potential for divided loyalties between the debtor and the estate. And that's why it's absolutely vital that the debtor be surrounded by disinterested persons, and that's why Congress has set out broad per se rules that avoid even the potential for a conflict by prophylactically insulating the debtor in possession from anybody who might have an interest. Are you saying this rule is a broad per se rule? The statute creates such rules. For example, under 10114b, any investment banker who has ever underwritten any of the debtor's securities cannot be appointed to assist. But is 327a such a broad per se rule? Well, 327a incorporates that disinterestedness requirement because it says that not only must the professionals not have an interest adverse to the estate, but there's a separate requirement that you must also be disinterested. And the reason for the exclusion of former officers from disinterestedness is that they may very well be liable to the estate. The estate may have a claim against those officers for their conduct leading up to the bankruptcy. And as the bankruptcy courts recognized in Delaware in the essential therapeutics case and also in Michigan Interstate Railway, it's simply unrealistic to imagine that a partnership that includes one of those officers could take an objective, dispassionate look at his conduct and investigate his liability. As the district judge took a pragmatic view, and as I understand, what he's trying to do is adhere to the desires of the estate and the creditors, and if there is a problem that comes up, it can be handled on an ad hoc basis. It's a very pragmatic approach. On the other hand, you indicate there should be a per se rule where that never comes up. What is wrong, aside from the statute interpretation, and Kay's going each way, what is wrong with the pragmatic approach the district court offers as a solution? Well, the problem is that it simply isn't practical when you have an application made at the beginning of the case, and these applications often accompany the initial filing. The creditors are not even required to be notified initially. There's notice that goes to the U.S. trustee. So there's no potential for discovery to investigate this issue of whether there's a claim against the officer. And if you don't have a disinterested counsel who's going out and investigating that and developing evidence of that issue, it's entirely possible that no one will ever find out. And so wouldn't there have to be some collusion or some intent to mislead the court in order for that to happen? Well, it wouldn't necessarily require collusion. It could, in some cases, simply be an entirely natural tendency of the firm evaluating the potential claims of the estate to say to themselves, well, you know, our one of our partners was involved in making these decisions. Surely they can't have been such bad decisions. That's a natural thing to think. It doesn't require bad faith. That could be argued to the court in opposition to the appointment of a firm, couldn't it? It could, but again, the evidence that would provide the basis for that argument might not be there because it wouldn't have been developed because it's the duty of counsel to go out and to develop that evidence. And that's why it's important that counsel have that complete insulation. Counsel, what if a partner at Latham & Watkins had been appointed instead of Latham & Watkins? Would that have made a difference here? If he had been appointed on the side entirely separate from his association with the firm? As I understand it, I believe that the firm was named here, isn't that right? That is correct. We didn't have named attorneys. What if we had named attorneys that had been appointed? Would that make a difference, even if they were partners in the same firm? No, that would not make a difference because as a partner in the firm, he or she would still have the fiduciary duties to the other partners in the same association with them. That would make it impossible for him or her to exercise the disinterest of judgment that's required under Section 111. What does the record show in this case as far as Hall? Hall was a partner. I assume that as a director, he used either junior partners or associates. Does the record show how far the work of the corporation went in addition to Hall? No. The record and the district court addressed this, that the record is silent as to exactly what the involvement of Latham and Watkins was in Hall's service as an officer. Was the – were the billings, I assume he charged for his time of being secretary? Again, the district court said that there is not evidence on that question on exactly how he was paid or what he was paid. There's no evidence of whether the billing was under Latham-Watkins or Hall as an individual? That is correct. Is there any risk that Mr. Hall could have been liable for anything to the corporation here? I mean, we simply don't know on the facts here. There is some dispute on that. You're suggesting a reply brief, but that is one of the concerns here, which is why you adopt a rule that somebody theoretically could be liable and then would be in the position of a trustee having to – having to – having to sue one of its own partners or bring suit against its bill. Yes, indeed. And the – the – Kerevision's response is to say, well, you know, he was simply ministerial. He didn't do very much. But again, at the beginning of the case, when you have counsel coming in and saying, well, sure, he was a partner, but he didn't do much, we don't know. Maybe he should have done something, and perhaps he was negligent in failing to do more. So it's simply not possible to tell at the outset whether there might be liability. Counsel, let me ask you this. Federal rule of bankruptcy procedure 5002 goes into express language disqualifying not only the attorney who is related to a judge, but also the firm, partnership or corporation. How does that affect your argument that 327's lack of express language does not preclude a per se rule? Well, it certainly is an illustration of one way that one could express the idea of imputed disqualification. But I don't think one can draw any inference from the statute – about the statute from the rule, because the rule is not – not drafted by Congress. It's not part of the same scheme. It's drafted by the advisory committee. And, indeed, I think the Rules Enabling Act precludes use of a rule to draw inferences about statute. But don't you think if Congress, I mean, wanted to expressly exclude all members of the law firm, it could have used similar language in the statute? It is certainly possible that Congress could have used more explicit language. But when you look at the structure of the statute here and the underlying policy, the language that Congress did use is clear enough that in evaluating the disinterestedness of a partnership, you have to look through it to the members of the partnership. Thank you, counsel. We'll give you a minute for rebuttal. Thank you. May it please the Court. Peter Gilhooly of Latham & Watkins, LLP, on behalf of Carevision, Inc. Your Honors, this is a plain meaning case. The definition of person in the Bankruptcy Code covers both an individual natural person and, Latham & Watkins, as a law firm. The statute says, 327A says that a debtor can hire an attorney who is disinterested. The definition of disinterested applies person by person. The U.S. trustee is trying to read some extra words into 10114D here, which is the person, a person is not disinterested if that person was an officer within two years of the bankruptcy filing. It is undisputed here that Latham & Watkins was not an officer of Carevision. That is not subject to dispute here. It could have been argued, in fact, the U.S. trustee expressly declined Judge Breyer's invitation to argue, as the capital medals case in the bankruptcy appellate panel in the Ninth Circuit found, that a firm was in fact an officer, based on the kinds of questions Your Honor was asking. They don't want to argue that. They want a per se rule that when an individual attorney is disinterested, the law firm is automatically vicariously disqualified. That is not what the statute says. This case is very similar to the Enterprise Acquisition Partners case that was recently decided by the bankruptcy appellate panel. Different part of the statute about insiders, but the court in that case, and we did provide it to the panel, I hope that you received it, to opposing counsel. That case said the statutory definition of insider does not include a wholly-owned professional corporation of, in that case, a wife of a husband who would have been an insider herself. The opposing counsel's argument is the bankruptcy appellate panel is wrong in its interpretations, and for the reasons he cited, it's not binding authority, and he's arguing for a different interpretation. What's your response to that? My response to that is we start with Ron Payer. We start with the statute. How do you get to their interpretation by reading the statute? Latham and Watkins is not an officer. There can't be a per se disqualification. What the statute, what a couple of things that counsel said do not ring true. First of all, when a bankruptcy firm like ours applies to be retained in a bankruptcy case, there are massive disclosure obligations. Rule 2014 requires that the firm disclose all of its connections with the case, and it's a continuing obligation that goes on throughout the case. In here, there's no dispute that Latham and Watkins fully disclosed that. Counsel, how do you respond to the government's point that at the time when you have to be appointed, that you have no way of anticipating where the trail may lead, and that there may come a point in which the law firm will be in the – will be in a position of having to question the judgment of one of its partners, even though they built a Chinese wall within the firm? That's the very reason for these disclosure obligations. You think the government's position is sometimes you can't anticipate what problems you might encounter in the future. I understand that all – that you've disclosed everything. I'm not questioning that Latham and Watkins has been fully forthcoming in disclosing its connections, but that doesn't disclose what the problems might be with the client, with Caravision, and with its partners' former association with Caravision. That – but we are required to disclose that and notice all the creditors of that disclosure so that they can object and they can do 2004 exams. There are methods for them to get discovery if people are concerned about it. And, Your Honor, this is a problem in every bankruptcy case. Let's take a – let's take an example, because the argument – the argument raised by the U.S. trustee has some ring to it. Suppose Latham and Watkins is appointed. You build the Chinese wall. During the massive structure of going through all this, there's evidence, it turns up in a little piece of paper, that there's been fraud committed and that Mr. Hall was involved in it. What the trustee is saying, that it's going to be hard for a partner to – or an associate to say that one of my partners is involved. There must be another reason for it. Or they wouldn't be as aggressive as finding out what happens. Now, that would never happen in Latham and Watkins. I understand that. But the bankruptcy rules are set up with the idea in mind that all lawyers are not angels. And he's saying we need a prophylactic rule so that if this ever came up, it would not cause a problem. The only way you can do that is have the entire firm disenfranchised from the case. That's his argument. Now, what's your response to that rather practical approach? My response to that is that's the case with all kinds of conflicts that people – you know, Enron, WorldCom. Those firms have to disclose all the time. When a new buyer comes into a case, you can't see that. This is not a simple solution, does it? I mean, if the government's argument has merit here on this question, we simply appoint somebody other than Latham and Watkins. You are talking about – well, two answers to that. First of all, it's not what the statute says. And the whole statutory construct here is we disclose, the judges decide on a case-by-case basis for someone who is not an officer. There are automatic disqualifications, and there are case-by-case look-at-the-facts. This is a case-by-case scenario. And the other thing is it's just not in the statute. It may be a good rule, but it's not the one Congress has made here. It doesn't say that – there is no language about vicarious disqualification here. The best written opinions on this subject are Justice Breyer's opinion and the S.S. Retail opinion. In the essential therapeutics case, Judge Walrath doesn't even look at the statute. She does not examine it. The words don't allow for this automatic per se prophylactic rule. They're not in the statute. What you're saying is the argument is a good one, but for the statute. Right. That's the only problem is it's not the law that's here. Now when you say is it a good one, I think in the case of S.S. Retail, Gibson Dunn did a fine job in that case without problem. I think in this case, all the assets were sold. This never became a problem. It's never alleged to have became any of a problem. That to me confirms the wisdom of the actual policy, which is this is a case-by-case basis. I think if you are the law offices of Michael Hall and you were an officer of his company, you cannot represent the company because, you know, it also reflects the modern-day rule here. Latham Watkins has over 1,500 attorneys. The fact that one attorney was in this case, and I agree he was an officer, I'm not arguing that point, but the point is he took corporate minutes. They have to have someone to take minutes. You may have to have a secretary under California law. It's common practice in Silicon Valley to do that. Should that be disqualifying an entire 1,500-lawyer law firm that has the expertise? This is an opportunity for an equal opportunity theory for a lot of small law firms getting involved. It may be, Your Honor, and if the U.S. trustee wants to go and lobby Congress to change the law, I think that might be appropriate. You know, I acknowledge to you that there might be some wisdom in having a prophylactic rule. I don't think that you can get – there is no such rule today. It doesn't exist on the books, and I don't think this Court has the power to create one. So your position is that the U.S. – if the U.S. trustee's problem is valid, the rule would be – what he should do is go to the Congress and amend the statute? Exactly. Okay. Let me just briefly say that the three courts in the Ninth Circuit that have addressed the issue, which is S.S. Retail, Keravision, and a case called Wheatfield, have all concluded within the California ethical rules that such representation is appropriate. The first two cases I mentioned are directly on point, and, you know, when you have notice to all creditors and a judge approving, it's really the equivalent of a waiver, which we all acknowledge any kind of conflict like this can be waived. The other thing I would note for the Court is that not only is the statute clear, so you don't really look at the legislative history, but there's nothing in the legislative history that suggests this vicarious disqualification was what Congress had in mind. So it's just simply not the law. Finally, Your Honor, I – Your Honors, I would state that under the five-part S.S. Retail equitable test, should you disagree with my analysis, I don't think there's any basis for not paying Latham and Watkins. The creditors fully expect the debtors' lawyers would be paid and that I think the amounts were reasonable, there's no allegation of bad conduct here, there was absolutely full disclosure, that it's undisputed, the U.S. trustee admits these, and Latham and Watkins started this case, I did it myself, we look at the highest law in the land, in the circuit, and it was S.S. Retail, which is almost exactly on point. The main difference was it was Gibson-Dunn versus Latham and Watkins. I mean, the case is almost identical. What are we to do other than proceed on a case, you know, you're so lucky to have something on all fours, essential therapeutics didn't even exist then, and I would note that essential therapeutics is based on the model rules, it's a Delaware case, I think it's just wrong in addition to that. All right. Thank you, counsel. Rebuttal. Thank you, Your Honor. I would just like to make the point that we are not seeking an extra statutory rule here. Our argument is based directly on the text of the statute, and that is, again, that the definition of person includes a partnership, but the definition of disinterested is written in terms that only make sense when describing natural persons.  sense when describing natural persons. That person, as opposed to that group of persons, I mean, when he's talking about the definition of disinterested person. Well, again, it simply doesn't make any sense to try to ask whether the law firm, whether this partnership or association of people was an employee or a director or an officer. The only way that you can give those terms meaning is by looking through the partnership to the individuals who make it. Meaning by looking at the individual person as well that was interested, couldn't you? Well, but under 327, the person that has to be disinterested is the firm that's being appointed, because it is the firm that's being appointed. But it's the interested person that's being disqualified. That's correct, but you start from the requirement in 327 that the firm that the must be disinterested. Well, it doesn't say the firm. Well, it says the person, which in this case is a firm. Well, that begs the argument. Anyway, go ahead. You're done? I would, with the Court's indulgence, simply point out that the case-by-case sort of ad hoc inquiry advocated by Keravish and is also untethered to anything in the statute, and it overlooks that disinterestedness is a separate and independent requirement distinct from not having an adverse interest. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court. That completes our calendar for the day. We are in recess until 9 o'clock a.m. tomorrow morning. All rise. The Court is in recess until 9 a.m. tomorrow morning.
judges: Wallace, Rawlinson, Bybee